851 F.2d 1501
 271 U.S.App.D.C. 274
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
GREYHOUND LINES, INC., Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR.
 No. 86-1680.
 United States Court of Appeals, District of Columbia Circuit.
 April 22, 1988.
 
 Before RUTH BADER GINSBURG, SILBERMAN, and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition for review was considered on the record from the Benefits Review Board, and was briefed and argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c). For reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the decision on review be affirmed.
 
 MEMORANDUM
 
 3
 We remanded this case to the Benefits Review Board (Board or BRB), by an order filed October 27, 1981, for the reasons stated in the August 20, 1980 dissenting opinion of Chief Administrative Appeals Judge Smith. Judge Smith had urged a remand to the administrative law judge (ALJ) so that "the employer/carrier would have the opportunity to present those facts supporting an application of Section 8(f)," and "the Director would be afforded the procedural safeguards of notice and a warning."
 
 
 4
 Inexplicably in view of Judge Smith's repeated call for "new evidence on Special Fund liability," neither side added to the record on remand. With a modification not relevant to the instant petition for review, and with no further statement accounting for his 8(f) ruling, the ALJ adhered to his original determination.
 
 
 5
 Observing that the record contained "no medical records dated before the May 5, 1972 injury," the Board concluded that the evidence was insufficient to satisfy "the manifest requirement." Bearing in mind that it is the employer's burden to show that a pre-existing permanent partial disability was "manifest," we cannot gainsay the Board's determination that the employer here failed to carry that burden.
 
 
 6
 The "manifest" standard surely does not require that an employer have actual knowledge of the claimant's pre-existing disability. It is enough that "the medical records provide[ ] unambiguous, objective evidence that there was such a disability." Director, OWCP v. Brandt Airflex Corp., 645 F.2d 1053, 1061 (D.C.Cir.1981).
 
 
 7
 The employer here points to a September 1974 statement by Dr. Watkins, contained in his letter to another physician, concerning Dr. Watkin's treatment of claimant for back pains "[d]uring the last three years." We note the vagueness of that statement, and the failure of the employer to fill in any specific detail despite ample opportunity to do so. See Kent v. Commissioned Officers' Mess, 13 B.R.B.S. 1117, 1122 n. 3 (1981) (treatment alone does not meet "manifest" requirement; treating physician must have documented existence of condition). We further note that it is not even unambiguously apparent that the 1974 statement by Dr. Watkins refers to treatment prior to the May 5, 1972 injury. The "three years" reference might have indicated 1973, and substantial portions of 1972 and 1974. Nor is the asserted significance of the copper bracelets Hummel wore a matter so "generally known" as to be a fit subject for judicial notice. Cf. Lowry v. Williamette Iron & Steel Co., 11 B.R.B.S. 372, 375 (1979) (doctor reported that his records pre-dating second injury documented a history of back pain; claimant had sought aspirin for backache from employer's nurse prior to second injury).
 
 
 8
 In sum, the employer here has pointed to no 8(f) case in which evidence of a pre-existing disability as thin as the evidence in this record was accounted adequate by the BRB, this court, or any sister court. We think it inappropriate for this court to venture beyond the point marked out in prior case holdings, particularly when the statute in question does not govern District of Columbia workers' compensation claims stemming from injuries occurring on and after July 26, 1982. See Durrah v. WMATA, 760 F.2d 322, 324 n. 1 (D.C.Cir.1985). We therefore affirm the Board's decision.